**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

|  |  |  |
|---|---|---|
| **CHARLES M. MURPHY and** | ) | |
| **JENNIFER R. MURPHY,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No.** |
| | ) | **12-11034-FDS** |
| **v.** | ) | |
| | ) | |
| **BANK OF AMERICA, N.A., and** | ) | |
| **FEDERAL NATIONAL MORTGAGE** | ) | |
| **ASSOCIATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**MEMORANDUM AND ORDER ON PARTIAL MOTION TO DISMISS**

**SAYLOR, J.**

This action arises from homeowners' unsuccessful attempts to modify the terms of a home loan, ultimately resulting in foreclosure. Plaintiffs Charles and Jennifer Murphy allege that defendant (1) engaged in unfair or deceptive business practices in violation of Mass. Gen. Laws ch. 93A; (2) breached the terms of its contract with plaintiffs; and (3) misrepresented its intentions and acted in a manner contrary to its representations. Plaintiffs seek, among other things, a preliminary injunction to prevent eviction from their home.

Defendants Bank of America, N.A., and Federal National Mortgage Association ("Fannie Mae") have moved to dismiss the chapter 93A claim and plaintiffs' request for injunctive relief under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, the motion will be granted in part and denied in part.

I.      **Background**

        The facts are stated as alleged in the complaint.

        On August 8, 2007, Charles and Jennifer Murphy purchased a home at 19 Gerry Drive in

Hudson, Massachusetts.  (Compl. ¶¶ 4, 10).  In connection with their purchase, they received a

loan, secured by a mortgage in favor of Countrywide Home Loans, Inc.  (Compl. ¶ 11).

        In 2008, the Murphys began experiencing difficulty in making their monthly payments.

(Compl. ¶ 13).  The Murphys contacted Countrywide and attempted to negotiate a modification

of the terms of their loan—first through a Modification Agreement with Countrywide, and then

through a governmental program.  (Compl. ¶¶ 14-30).[1]  No such modification took place.  (*Id.*)

In June 2009, the Murphys received a Notice of Intent to Foreclose.  (Compl. ¶ 29).

        In July 2009, BAC Home Loans, Inc. assumed servicing rights to the mortgage and loan.

(Compl. ¶ 31).  The Murphys were instructed to submit financial documentation in order to be

considered for the Home Affordable Modification Program ("HAMP").  (Compl. ¶ 32).  In

September 2009, they were approved for a loan modification on a trial basis.  (Compl. ¶ 35).

Although the Murphys contend they met all monthly payment obligations, in February 2010 they

were informed that they had missed a payment and did not qualify for HAMP.  (Compl. ¶¶ 37-

40).  At BAC's instruction, they re-submitted their financial documentation in order to re-apply

for HAMP.  (Compl. ¶ 39).  In May 2010, the Murphys were informed that their application had

been denied.  (Compl. ¶ 42).  Over the course of the next year, the Murphys continued to

correspond with BAC about modifying the terms of their loan.  (Compl. ¶¶ 43-47).

        On July 1, 2011, the loan was transferred to Bank of America.  (Compl. ¶ 48).  The

---

[1] The complaint does not identify the specific governmental program.

Murphys contacted Bank of America about continuing the loan modification process, and were instructed to start the application process from the beginning. (Compl. ¶¶ 49-50). They did so.[2] (Compl. ¶ 50). In August 2011, the Murphys received a notice of foreclosure from Bank of America. (Compl. ¶ 51). The Murphys contend that they continued with their attempts to negotiate a modification of the terms of their loan, and received assurances from Bank of America representatives that the foreclosure process would not move forward as long as they were in the modification approval process. (Compl. ¶¶ 52-55).

On December 16, 2011, despite these assurances, Bank of America foreclosed on the property. (Compl. ¶56). There is currently a pending case in the Worcester County Housing Court Division, in which Fannie Mae is seeking to evict the Murphys. (Compl. ¶ 58, Ex. F). The complaint does not set forth the nature of Fannie Mae's involvement in the Murphys' loan or how Fannie Mae came to bring an eviction action against them.

On March 23, 2012, the Murphys commenced this action in Massachusetts Superior Court, alleging violations of chapter 93A, breach of contract, and misrepresentation. Also on March 23, the Murphys moved in the Superior Court for a preliminary injunction seeking to enjoin Bank of America and Fannie Mae from selling the property or interfering with their right of possession. According to the docket, a summons and order of notice issued on March 23, returnable on April 26, 2012 at 2:00 p.m. There is no other docket entry between that entry in March and the filing of defendants' removal papers in mid-June. This matter was removed by defendants on June 11, and the removal notice was filed in state court on June 12. On June 18,

---

[2] It is not clear from the complaint whether this application process involved HAMP or a different means of loan modification.

2012, defendants filed a partial motion to dismiss.  Defendants have not otherwise answered or responded to the complaint, and they have filed no other opposition to the motion for preliminary injunction.  Plaintiffs have not opposed the motion to dismiss.

II.     **Standard of Review**

On a motion to dismiss, the court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted).

II.     **Analysis**

A.     **Mass. Gen. Laws ch. 93A**

Before bringing suit under Mass. Gen. Laws ch. 93A § 9, a plaintiff must tender to the defendant a "written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon." *Id.*, § 9(3).  The statutory notice requirement "is not merely a procedural nicety, but, rather, 'a prerequisite to suit.'" *Rodi v. Southern New England School of Law*, 389 F.3d 5, 19 (1st Cir. 2004) (emphasis added) (quoting *Entrialgo v. Twin City Dodge, Inc.*, 368 Mass. 812, 813 (1975)).  Plaintiffs alleging violations of chapter 93A must also assert affirmatively in the complaint that they complied with the statute's notice requirement.  *See Rodi v. Southern New Eng. Sch. of Law*, 389 F.3d 5, 19 (1st Cir. 2004) (explaining that the chapter 93A demand requirement "must be alleged in the plaintiff's

complaint.").  A failure to send the required demand letter is thus fatal to a claim brought under

§ 9.  *See, e.g., City of Boston v. Aetna Life Ins. Co.*, 399 Mass. 569, 574 (1987).

The complaint here fails to meet that requirement.  There is no allegation in the

complaint that plaintiffs ever served defendant with a written demand under chapter 93A.

Indeed, plaintiffs have not contested this point.  Accordingly, Count I of the complaint will be

dismissed for failure to comply with the requirement of a written demand.

### B.        Request for a Preliminary Injunction

Plaintiffs moved for a preliminary injunction in state court that seeks, among other

things, to prevent their eviction from the property.  Defendants contend that the federal Anti-

Injunction Act bars this Court from issuing such an injunction.

The Anti-Injunction Act prohibits federal courts from enjoining state court proceedings

except "as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction,

or to protect or effectuate its judgments."  28 U.S.C. § 2283.  The Anti-Injunction Act is an

absolute prohibition against any injunction of any state-court proceedings unless the injunction

falls within one of the three specifically-defined exceptions in the statute.  *Vendo Co. v. Lektro-*

*Vend. Corp.*, 433 U.S. 623, 630 (1977). The three exceptions—which must be "narrowly

construed"—are injunctions that are (1) expressly authorized by statute, (2) necessary to aid the

court's jurisdiction, or (3) required to protect or effectuate the court's judgments.  *See Casa*

*Marie, Inc. v. Superior Court of Puerto Rico*, 988 F.2d 252, 260-262 (1st Cir. 1993).  This

prohibition against enjoining proceedings in a state court applies to state foreclosure

proceedings.  *See, e.g., Phillips v. Chas. Schreiner Bank*, 894 F.2d 127 (5th Cir. 1990); *Ungar v.*

*Mandell*, 471 F.2d 1163 (2d Cir. 1972).

5

Here, plaintiffs have asked the Court to enjoin Fannie Mae from evicting them from their home until the Court has determined whether they are entitled to equitable relief.  Defendants ask the Court to deny plaintiffs' request for an injunction, to the extent it attempts to enjoin ongoing eviction proceedings before the Worcester County Housing Court Division, as barred by the Anti-Injunction Act.

Defendants are correct that the Anti-Injunction Act would prohibit this Court from enjoining ongoing eviction proceedings in state court.  *See, e.g. Wideman v. Bank of Am. N.A.*, 2012 U.S. Dist. LEXIS 31767 (M.D. Ga. Mar. 9, 2012); *Badrawi v. Wells Fargo Home Mortg., Inc.*, 2012 U.S. Dist. LEXIS 31531 (D. Minn. Mar. 8, 2012); *Zheng v. New York City Hous. Auth. Office of Impa...*, 2010 U.S. Dist. LEXIS 107714 (S.D.N.Y. Sept. 28, 2010).  It also would prohibit the issuance of an injunction against enforcement of a state court judgment.  *See, e.g., Blake v. Vazquez*, 1990 U.S. Dist. LEXIS 8051 (N.D. Ill. June 29, 1990).  However, the Court does not read the complaint or the motion for preliminary injunction as requesting an injunction directed to the state court ordering it to cease foreclosure proceedings, nor (according to the record) have the state eviction proceedings resulted in a binding judgment.  The requested relief is directed toward Fannie Mae, a private litigant, and does not interfere with any ruling in an ongoing or completed state proceeding.  On these facts, the Anti-Injunction Act poses no bar to consideration of this relief.  Accordingly, defendant's motion to deny plaintiff's request for a preliminary injunction on grounds of the Anti-Injunction-Act will be denied.

## III.   Conclusion

For the foregoing reasons, defendant's partial motion to dismiss is GRANTED in part and DENIED in part.

6

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  October 5, 2012